# COUNTY OF FRANKLIN.

## SALLY WOODMAN versus JUSTUS SKEETUP.

The excepting party is bound to present the documents which were made a part of the case.

If a part of such documents be missing, he cannot complain that a decision should be made upon the case as presented.

Exceptions not taken at the trial, cannot be regarded in the decision.

In a writ of entry against an alleged disseizor, brought by one who had mortgaged the land, before the commencement of the suit, to secure a promissory note, the mortgagee is a competent witness for the demandant.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding. WRIT OF ENTRY.

The demandant's title to the land was under a warranty deed from Ephraim Woodman to John Robbins, and a warranty deed from Robbins to herself.

But Monroe Woodman had previously owned it. To prove that Monroe Woodman had conveyed it to Ephraim Woodman by a deed now lost by time and accident, the demandant called Ephraim Woodman as a witness, but he was objected to on the ground of interest.

The exceptions state that she then released said Ephraim Woodman, and said John Robbins " from any and all liabilities on the covenants in their aforesaid deeds ; said releases be-

ing made a part of the case." Ephraim Woodman was admitted as a witness, and testified to a conveyance to him, from Monroe Woodman, by an unrecorded deed, now lost.

In the course of his examination, it appeared that the witness was holding a mortgage of the land, to secure a note due to him from the demandant. To obviate any objection to the witness, growing out of his interest under that mortgage, he executed to the demandant a release from all his claim under the mortgage and on the note secured by it. As the demandant was not present in Court, the release was delivered to her attorney.

By order of the Judge, the release was placed by the attorney upon the files of the Court for the benefit of the demandant.

The objection to the witness was then overruled, and he was received to testify for her. The verdict was against the tenant, and he excepted. [In making up the papers for exhibiting the case to the Court, the clerk certifies, that the releases to Ephraim Woodman and John Robbins, from their liabilities upon the covenants of warranty in their deeds of conveyance, are not on the files of the Court, for which reason he furnishes no copies of them.]

*Cutler*, for the tenant.

1. The lost releases were made a part of the case for the benefit of the demandant. She should therefore see that copies of them be duly furnished. The tenant ought not to suffer by the loss of them from the files.

2. The mortgage from the demandant to the witness gave him an interest, that she should recover the land. The release given by him was insufficient to discharge that interest. It was never delivered. For a delivery includes the assent of the releasee. And there was no subsequent ratification.

3. The witness ought not to have been allowed to testify to the contents of the lost deed; at least until its execution had been proved by the subscribing witness.

*Tripp*, for the demandant.

Woodman *v.* Skeetup.

Shepley, C. J. — Ephraim Woodman having conveyed a farm with covenants of warranty to John Robbins, 2d, from whom the demandant derived her title, was offered as a witness for the demandant, who had executed a release to him of all liability on his covenants. The objection was to his competency on account of interest. The release was made a part of the case. It is said, that it cannot now be found. It was the duty of the tenant to present copies of the exceptions with the documents referred to.

As the case has been presented by the tenant for decision, he cannot properly object to a decision upon the exceptions and the documents presented. There is no reason to conclude, that the release was not correctly described in the bill of exceptions, and therefore no reason to conclude, that the witness was not properly admitted to testify.

It is said, that he should not have been permitted to testify to the loss and contents of the deed before its existence and execution had been proved by other testimony. The statement in the bill of exceptions is, that he was called to prove its execution as well as loss. There does not appear to have been any objection made to his testimony, if he was a competent witness, and an objection not presented at the trial cannot now be received.

In the course of his testimony it appeared, that he was the mortgagee of the premises demanded, by virtue of a conveyance executed by the demandant to secure the payment of a note then due to him. It does not appear to have been executed since the commencement of this suit. He thereupon executed a release to the demandant of all title to the premises by virtue of that mortgage and delivered the same to the attorney of the demandant in her absence. The objection is, that the release was ineffectual, there being no proof of a legal delivery or acceptance of it, and that the witness continued to be interested. The consideration of the effect of the release is unimportant, if the witness was not interested in the event of the suit in consequence of his position as mortgagee. If the tenant obtained a judgment in his favor in

this suit, a copy of the record of it would not be admissible in evidence in a suit upon the mortgage by the witness against the tenant. If the demandant failed to establish her title, the witness in a suit upon the mortgage, made before the commencement of the suit, would not be precluded from establishing it. Nor does it appear that he would suffer loss if he did not; for the note named in the mortgage was not discharged, and the demandant might have sufficient property to pay it, if she did not recover in this suit. The witness does not therefore appear to have had any certain interest in the event of this suit, and he was not rendered incompetent by the disclosure of his position as mortgagee.

, *Exceptions overruled.*

TENNEY, HOWARD and APPLETON, J. J., concurred.